```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION

THE BOARD OF TRUSTEES OF THE }
UNIVERSITY OF ALABAMA,       }
                             }
     Plaintiff,              }    CIVIL ACTION NO.
                             }    CV-14-AR-0360-S
v.                           }
                             }
CHARLES D. WILLIS,           }
                             }
     Defendant and           }
     Cross-claimant,         }
                             }
v.                           }
                             }
PHOENIX  HEALTH  CARE, INC., }
etc.                         }
                             }
     Third-Party Defendant.  }
```

**<u>MEMORANDUM OPINION AND ORDER</u>**

The court has before it the "consent" motion filed on this date by defendant, Charles D. Willis ("Willis"), seeking a continuance of the "jurisdictional, status and scheduling conference" now set for March 20, 2014, pursuant to the order entered on March 5, 2014. The said motion for a continuance does not explain why the motion could not have been filed sooner. Neither does it suggest an alternative hearing date. A hearing date of tomorrow, March 19, 2014, would solve movant's problem. While the motion alleges the unavailability on March 20, 2014, of Myron Allenstein and Rose Marie Allenstein, counsel for Willis, it does not mention Timothy C. Burgess, who is still an attorney-of-record for Willis. As a necessary allegation in Willis's motion,

he alleges that "the continuance of the hearing will not prejudice any party." In this allegation he may or may not be correct.

The court picked March 20, 2014 as a date that is within the thirty-day window provided by 28 U.S.C. § 1447(c) for plaintiff, The Board of Trustees of the University of Alabama, to file a motion to remand on the basis of the procedural defect appearing from the fact that the removing defendants did not remove within the thirty-day window provided by 28 U.S.C. § 1446(b). If plaintiff intends to waive this procedural defect and to acquiesce to this court's jurisdiction, it cannot, of course, be prejudiced by the requested continuance. However, the order of March 5, 2014, expressly informed the parties that "jurisdiction" would be a subject of the hearing.

Under the circumstances, and in order to avoid any possible prejudice to plaintiff, the court now shares with the parties the admonition it agrees with, handed down by Professor Moore:

> The majority view on this issue cuts against the general rule that the removal statutes should be interpreted strictly against removal. As a practical matter, however, a vigilant district court can accomplish its objectives by holding an early pretrial conference, as soon as a notice of removal is filed, to alert the parties to any defects, and then wait for them to act in a timely fashion.

2 *Moores Federal Practice*, § 107.41[1][a] (Matthew Bender 3d Ed.). The present removal occurred on February 28, 2014. On December 3, 2012, Willis filed his third-party complaint against Phoenix Health Care, Inc., claiming benefits pursuant to a health insurance plan

clearly covered by ERISA.  On April 30, 2013, Phoenix answered the third-party complaint, admitting the existence of a benefit plan, again, clearly covered by ERISA, and even interposed as its Third Affirmative Defense the clearly true allegation that the "claim is preempted by the Employee Retirement Income Security Act".  The case was clearly removable on that date, if not on December 3, 2012.

Benefit claims under ERISA, while removable as federal questions pursuant to 28 U.S.C. § 1331, can proceed in state courts, which have concurrent jurisdiction over them.  This court declines to remand the case *sua sponte*, but awaits the choice of plaintiff as to which forum it prefers.  The court's feelings will not be hurt no matter plaintiff's choice.  Meanwhile, Willis's motion for a continuance is GRANTED, and the jurisdictional, status and scheduling conference is RESCHEDULED for **10:30 a.m., March 27, 2014**, unless plaintiff files a timely motion to remand.

DONE this 18th day of March, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE